# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

S.G., by and through S.M.G., as Next
Friend, Parent and Natural Guardian,

        **Plaintiff,**

v.                               **Case No:   6:14-cv-1899-Orl-22GJK**

WALT DISNEY PARKS AND
RESORTS US, INC.,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **PLAINTIFF'S MOTION TO REVIEW CLERK'S ACTION ON BILL OF COSTS, OBJECTIONS TO BILL OF COSTS, AND INCORPORATED MEMORANDUM (Doc. No. 89)**
>
> **FILED:**      **October 31, 2016**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.   BACKGROUND.

Plaintiff S.G. was one of more than forty developmentally disabled plaintiffs who brought suit against Defendant, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. See Nos. 6:14-cv-1890-Orl-22GJK through 6:14-cv-1901-Orl-22GJK, 6:14-cv-1917-Orl-22GJK through 6:14-cv-1946-Orl-22GJK. On September 23, 2016, judgment was entered in this case in favor of the Defendant and against Plaintiff. Doc. No. 84. On October 20,

2016, Plaintiffs filed a motion to alter the judgment, which was denied on December 9, 2016. Doc. Nos. 87, 93. Plaintiffs did not file a notice of appeal.

On October 7, 2016, before the Motion to Alter Judgment was filed, Defendant filed a proposed bill of costs, and on October 11, 2016, filed an amended proposed bill of costs. Doc. Nos. 85, 86. On October 31, 2016, Plaintiff filed a Motion to Review Clerk's Action on Bill of Costs, Objections to Bill of Costs, and Incorporated Memorandum (the "Motion"). Doc. No. 89. On November 17, 2016, Defendant responded to the Motion. Doc. No. 91.

## II.   ANALYSIS.

Rule 54(d)(1), Federal Rules of Civil Procedure, provides that: "[u]nless a federal statue, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The United States Supreme Court has held that parties "may be considered 'prevailing parties' . . . if they succeed on any significant issue in litigation." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). There is no dispute that Defendant is the prevailing party.

### A.   Whether Defendant moved to tax costs.

Plaintiffs argue that Defendant should not be awarded its costs because it never filed a motion to tax costs. Doc. No. 89 at 2-4. Plaintiffs point to Local Rule 4.18, which requires a party seeking costs to file a separate motion or petition no "later than fourteen (14) days following the entry of judgment." Id. at 2, quoting Local Rule 4.18.

Although Defendant did not file a motion, it did file a Proposed Bill of Costs on October 11, 2016, which is within fourteen days of the judgment entered on September 23, 2016. Doc. Nos. 84, 85. The bill of costs includes a declaration by Defendant's counsel regarding the specific costs that Defendant is seeking, how they were calculated, and that they were necessarily incurred in this case. Doc. Nos. 85-1, 86-1. Thus, it is recommended that the Court find that the Proposed Bill

of Costs constitutes a timely-filed motion for costs under Local Rule 4.18. See Anderson v. Techtronic Indus. N. Am., Inc., No. 6:13–cv–1571–Orl–40TBS, 2015 WL 4459029, at *2 (M.D. Fla. July 20, 2015) (treating the bill of costs as a motion to tax costs and stating, "Plaintiff's bill of costs is a claim, as contemplated by Rule 4.18 because it is subject to challenge and adjudication by the Court.").

**B.      Whether the Clerk's action in entering the bill of costs was appropriate pending finality of judgment.**

Plaintiffs argue that the Clerk should not have entered the bill of costs because the judgment was not yet final, as Plaintiffs filed a timely motion to amend or alter the judgment. Doc. No. 89 at 4-5. As the Court has ruled on the motion to amend the judgment and denied it, Doc. No. 93, it is recommended that this argument be denied as moot.

**C.      Whether the bill of costs should be vacated on equity grounds.**

Plaintiffs argue that the bill of costs should be vacated as inequitable, because S.G. is an "incompetent minor who will never be able to pay them and who has done nothing wrong . . . ." Doc. No. 89 at 7, 20. In support, Plaintiffs point to the declaration of S.M.G., S.G.'s mother, in which she states that S.G. does not and will not ever have any assets and that "she will never be an income-producing or self-sufficient member of society or the marketplace." Doc. No. 89-1 at ¶¶ 5, 7, 8. She also lists S.G.'s limitations of severe autism, mitochondrial disease, stomach problems similar to Crohns Disease, Pica Disorder, ulcers in her esophagus and stomach, and attention deficit hyperactivity disorder. Id. at ¶ 3.

District courts have discretion to decline to award costs under Federal Rule of Civil Procedure 54(d)(1), but the court must have a sound basis for defeating the presumption that costs are to be awarded to a prevailing party. Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000). The court may consider the non-prevailing party's financial status as a factor in determining

an award of costs under Federal Rule of Civil Procedure 54(d), but it is not required to do so. Id. at 1039. If the court does choose to consider financial status, then "it should require substantial documentation of a true inability to pay." Id. Even if the court considers the financial circumstances, it "may not decline to award any costs at all." Id.

The undersigned declines to consider Plaintiffs' financial ability to pay a costs judgment. The undersigned does find, however, that there is a sound basis for denying full costs. The equities favor not imposing costs on incompetent, disabled minors for a lawsuit brought by someone else on their behalf. Defendant did not cite any authority for imposing costs upon an incompetent plaintiff when the litigation was brought by plaintiff's guardian or next friend. Thus, the undersigned recommends that the Court exercise its discretion in not imposing costs on S.G.

Defendant also asks that the Court impose costs upon S.M.G., S.G.'s mother. Doc. No. 91 at 5-6. Plaintiff argues that S.M.G. brought this action solely as her child's next friend, she is not a party to this action, and therefore she cannot have costs taxed against her. Doc. No. 89 at 6.

In Watson v. State Farm Mutual Automobile Insurance Co., 639 So. 2d 687, 688 (Fla. 2d DCA 1994), a judgment was entered stating that the appellee "'shall recover attorneys fees and taxable costs from Plaintiff, **HEATHER WATSON**, by and through ROBERT WATSON, her father, in the sum of $22,163.50, which shall bear interest at the rate of 12% per annum and for which sum let execution issue.'" (Emphasis supplied.) The court stated that "[w]hen a minor is represented by a parent as 'next friend,' the 'next friend' is not a party to the action; the real party in interest is the minor." Id. The court held that the final judgment was worded correctly, "but affirm[ed] with the clarification that the appellee is entitled to recover attorney's fees and taxable costs from only the plaintiff Heather Watson and not from her father." Id. The undersigned finds the reasoning in Watson persuasive.

Here, the final judgment states "**IT IS ORDERED AND ADJUDGED** that Plaintiff shall recover nothing on her claims and the Defendant shall recover costs from Plaintiff." Doc. No. 84. In the caption, the plaintiffs are named as "S.G., by and through S.M.G., as next friend, parent and natural guardian." Doc. No. 1 at 1. S.M.G. is only named in this lawsuit as the next friend, parent, and natural guardian of S.G. Thus, costs cannot be taxed against her. Accordingly, it is recommended that the Court sustain Plaintiffs' objections to taxing costs against S.M.G.

III.   **CONCLUSION.**

Based on the forgoing, it is **RECOMMENDED** that the Court enter an order **GRANTING IN PART AND DENYING IN PART** the Motion (Doc. No. 89) as follows:

1. The Motion is **GRANTED** only to the extent that Defendant will not be awarded costs against Plaintiff or S.M.G.; and

2. The Motion is otherwise **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on February 2, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy